## CIRCUIT COURT OF THE CITY OF NORFOLK

Anthony M. Lowe

v.

Mid-Atlantic Coca-Cola
Bottling Co. et al.

April 11, 1994

Case No. (Law) L-92–149

BY JUDGE THOMAS R. MCNAMARA

Having considered the various memoranda and authorities submitted, it appears that certain controlling principles are clear, but applying them still provides no definitive mode of computing the compensation to which Mr. West is entitled.

I offer the following. The petitioner [an attorney] was brought into the case on the day of the accident. From the earliest considerations, it was clearly an extremely valuable case. There was clear liability, very severe and permanent injuries, and a completely solvent corporate defendant. He was engaged on a typical one-third contingent fee contract in writing.

From the date of the accident, August 14, 1991, until removal from the case, petitioner gave all appropriate attention to the case until some time in March, 1992, when plaintiff elected to replace him and exercised that right as a matter of preference, but admittedly, not for cause. Petitioner consumed some 109 recorded hours investigating and developing the case and assisting the client with associated matters through the client's employer, doctors, and defense counsel.

Petitioner's work in nature and quality was not criticized, and at the transition, new counsel were given the full benefit of it. Petitioner himself possessed the skill and experience called for in handling such a case and was of unquestioned character and standing among the attorneys in his community.

Respondent attorneys, Fine et al., assumed responsibility for the case in April, 1992, and pursued the same with all the vigor and expertise that that experienced and successful firm could muster. They were also engaged on a contingent fee contract. Over a period of some fifteen months, the case was given intensive handling by two partners and an associate for over 1200 hours resulting in a settlement for an amount which the parties have agreed to keep confidential but which the Court has been advised of.

The issue now before the Court is the determination of the amount to be paid to petitioner. It has been agreed that any such fee would be paid from the total fee paid by plaintiff to the Fine firm which negotiated and handled the settlement upon its contingent contract. Plaintiff's net recovery is not involved.

Petitioner argues for "a proportionate share of the gross amount of the settlement based on his thirty-three and one-third percent contingent fee contract." Respondent argues, on the contrary, that petitioner's fee should be determined "without reference to the ultimate result" and only upon "his hourly rate, a reasonable fee in the community he serves." The Court rejects both arguments.

Petitioner's argument is in clear contradiction with the holding in *Heinzman v. Fine, Fine, Legum & Fine*, 217 Va. 958 (1977), in which the Supreme Court of Virginia sets forth the law in the circumstances of this case as follows:

> when, as here, an attorney employed under a contingent fee contract is discharged without just cause and the client employs another attorney who effects a recovery, the discharged attorney is entitled to a fee based upon *quantum meruit* for services rendered prior to discharge and, as security for such fee, to the lien granted by Code § 54–70.

The later case relied on by petitioner, *Kidd v. CSX Transportation* (W.D. Va. 1990), is not very helpful since the court's ruling was determined in significant measure upon a factor not present in the case at bar, i.e., the settlement value as determined by the first attorney.

Respondent's argument ignores a number of circumstances to be considered in determining the value of services on a *quantum meruit* in Virginia, as set forth in *County of Campbell v. Howard*, 133 Va. 19 (1922), namely the responsibility imposed; the character and importance of the matter in which the services are rendered; the amount of

money or the value of the property to be affected; the professional skill and experience called for; the character and standing in his profession of the attorney; and whether the fee is absolute or contingent. Respondent would give consideration only to the amount and character of the services and the attorney's normal hourly rate charged.

It seems undeniable that an attorney entrusted with a matter of great value has assumed a greater responsibility and is handling his client's interests in a matter of greater importance than where the matter is of less value. The amount of money to be affected is always a factor influencing an attorney's charges for any services, whether writing a will, handling a conveyance, drafting a contract or investigating and preparing a case for damages. Services, however pedestrian, are burdened with far greater responsibility where they are rendered in respect to interests of great monetary value than when they are not, and the charges therefor would be expected to reflect the same.

The fact that services were performed under a contingent fee contract, without record to the terms of the contract, is nevertheless a factor also recognized as appropriately influencing a determination of a *quantum meruit* fee for such services. Every hour spent in performance of a contingent fee contract is an hour spent against the risk of no compensation at all. When, without fault of the attorney, it becomes necessary to evaluate a *quantum meruit* charge for such time, that a charge "much larger" than normal may properly be charged is a "recognized rule." *County of Campbell v. Howard*, 133 Va. 19, 51 (1922).

Of course, it cannot be said that the petitioner secured the ultimate result obtained in the settlement of the case by the respondents. But neither can it be denied that he contributed to it. That the efficiency with which services are rendered in the handling of a case is often a factor affecting the ultimate result and that the result may, therefore, have a bearing upon their value on a *quantum meruit* is also recognized in Virginia. See *County of Campbell v. Howard*, 133 Va. 19, 51 (1922). Whether these services are at the outset of a case or at a later time would not seem to be relevant to this concept.

Upon these principles it appears that petitioner is entitled to a fee of $75,000.00 for his services on a *quantum meruit* in this case.