**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1915**

RANDOLPH LEE DARNELL,

        Plaintiff - Appellee,

    v.

DARREN MARSHALL HART,

        Movant – Appellant,

    and

SAM R. LLOYD; HULLIHENS LAWN CARE SERVICE, a/k/a Hullihen's Lawn Care; HULLIHEN'S LAWN CARE, INC., trading as Hullihen's Lawn Care,

        Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Henry Coke Morgan, Jr., Senior District Judge. (4:14-cv-00094-HCM-LRL)

Submitted: April 20, 2017                  Decided: May 15, 2017

Before SHEDD and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Darren Marshall Hart, HART & ASSOCIATES, PC, Richmond, Virginia, for Appellant. Kevin W. Mottley, THE MOTTLEY LAW FIRM PLC, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darren Marshall Hart appeals from the district court's order granting his motion for attorney fees and costs in the matter of *Darnell v. Lloyd*, No. 4:14-cv-00094-HCM-LRL (E.D. Va.), and awarding him $7,500.00 in attorney fees and $2,298.20 in costs. On appeal, Hart contends that he is entitled to fees and costs computed according to his contract with Darnell. He also asserts that the district court failed to explain the basis for the fee award. For the reasons that follow, we vacate the district court's judgment and remand for further proceedings.

Pursuant to Virginia law, where an attorney employed under a contingent fee contract is discharged without cause "and the client employs another attorney who effects a recovery, the discharged attorney is entitled to a fee based upon quantum meruit for services rendered prior to discharge." *Heinzman v. Fine, Fine, Legum & Fine*, 234 S.E.2d 282, 286 (Va. 1977) (footnote omitted). To determine the value of the services, the court must consider the factors set forth in *Campbell County v. Howard*, 112 S.E. 876, 885 (Va. 1922). *In re Outsidewall Tire Litig.*, 636 F. App'x 166, 170 (4th Cir. 2016). The factors are:

> the amount and character of the services rendered, the responsibility imposed; the labor, time, and trouble involved; the character and importance of the matter in which the services are rendered; the amount of the money or the value of the property to be affected; the professional skill and experience called for; the character and standing in their profession of the attorneys; and whether or not the fee is absolute or contingent, it being a recognized rule that an attorney may properly charge a much larger fee where it is to be contingent than where it is not so. The result secured by the services of the attorney may likewise be considered; but merely as bearing upon the consideration of the efficiency with which they were rendered, and, in that

3

> way, upon their value on a quantum meruit, not from the standpoint of their value to the client.

*Campbell Cty.*, 112 S.E. at 885. The "district court need not recite and make express findings as to each and every factor," however, it must "analyze [the] relevant factors in detail sufficient to allow for meaningful appellate review." *Outsidewall*, 636 F. App'x at 171.

The district court thoroughly analyzed each of the *Campbell County* factors and concluded that Hart was entitled to recover $7,500.00 in attorney fees as the quantum meruit value of his services and $2,298.20 in costs. However, as Hart contends, the district court provided no explanation to support its calculation of the fee award. Because the district court did not explain the basis for and computations behind the award of fees and costs in light of the *Campbell County* factors, "it is impossible for us to review the district court's analysis for an abuse of discretion." *Outsidewall*, 636 F. App'x at 170. Accordingly, we vacate the district court's order and remand with instructions to the district court to establish a fee award in light of, and with reference to, the *Campbell County* factors and to provide an explanation of the basis for its award of fees and costs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*